UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| KURT A. ANGST, <br><br> Plaintiff, <br><br> v. <br><br> CREDIT PROTECTION ASSOCIATION, LP, TRANSUNION, LLC, and EQUIFAX INFORMATION SERVICES, LLC, <br><br> Defendants. | Case No: 3:17-cv-00821-wmc <br><br> Honorable Judge William M. Conley <br><br> Magistrate Judge Stephen L. Crocker |

## JOINT RULE 26(f) REPORT

The parties, through their counsel, conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on January 3, 2017, and prepared the following report:

The initial pretrial conference required under Fed. R. Civ. P. 16 is scheduled for **Tuesday, January 9, 2018, at 1:30 p.m. CST**, telephonically before the Honorable Stephen L. Crocker. Counsel for the plaintiff will coordinate and initiate the phone call to chambers at 608-264-5153. Attorney Marwan R. Daher will appear on behalf of the plaintiff Kurt A. Angst, Attorney Justin M. Penn will appear on behalf of the defendant Credit Protection Association, LP, Attorney Sandra D. Jansen will appear on behalf of TransUnion, LLC, and Attorney Kendall W. Carter will be appearing on behalf of Equifax Information Services, LLC.

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Standing Order Governing Preliminary Pretrial Conferences, the parties submit the following discovery plan:

**(1)  Nature of the Case**:

Plaintiff alleges that Defendants violated the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 *et seq.*, by reporting inaccurate and derogatory information in Plaintiff's Equifax and TransUnion credit files. Plaintiff further alleges that Defendant Credit Protection Association, LP violated the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 *et seq.* by attempting to collect on the subject debt in which Plaintiff did not legally owe.

Trans Union:  Trans Union, LLC ("Trans Union") is a consumer reporting agency, as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff.  Trans Union furthermore

properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

Credit Protection Association, LP: Defendant, Credit Protection Association, LP ("CPA") affirmatively states that it did not violate the FDCPA, FCRA or any other laws. CPA relied upon the information provided by its client, which is the creditor of the account at issue, in its attempts to collect the account, including any furnishing of account information to the credit bureaus. If any violation of the FDCPA occurred, which is denied, it resulted from a bona fide error despite policies and procedures reasonably adapted to avoid violations of the FDCPA. CPA denies it caused any damages that Plaintiff may have sustained.

Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined in the FCRA. Equifax states that it complied with the FCRA in its handling of Plaintiff's credit file, including responding to any disputes from Plaintiff. Equifax further denies that it caused Plaintiff to suffer any damages.

**(2)** **Names of Related Cases**:

None.

**(3)** **Material Factual/Legal Issues to be Resolved at Trial**:

(a) Whether the credit reporting of the subject debt was inaccurate;
(b) Whether Defendants conducted a reasonable investigation into Plaintiff's disputes;
(c) Whether the credit reporting Defendants followed reasonable procedures to ensure maximum possible accuracy of the information concerning Plaintiff;
(d) Whether Plaintiff has any actual damages;
(e) Whether any affirmative defenses asserted by defendants apply.

**(4)** **Description of Any Amendments to the Pleadings Intended by the Parties:**

None.

**(5)** **Identity of Any New Parties to be Added:**

None.

**(6)** **Estimated Trial Length:**

2-3 days.  The parties anticipate this case being ready for trial by October, 2018.

**(7)** **Any Other Matters Affecting the Scheduling By the Court:**

(a) The parties request that Rule 26(a)(1) Initial Disclosures be due by **January 31, 2018.**
(b) Expert discovery will likely be required with regard to the extent of Defendants' investigations into Plaintiff's disputes.
(c) The parties propose that dispositive motions be due on or before **September 14, 2018.**
(d) The parties propose that fact discovery be completed by **July 20, 2018.**
(e) The parties propose that expert discovery be completed by **July 20, 2018.**
(f) The parties do not believe that this case is suitable for electronic discovery, but is amenable to producing any electronically stored information in hard copy as an initial matter. Additionally, Trans Union requests production of all electronically stored information in hard copy and will not agree to accept only electronic submission of same. Once the parties have had the opportunity to review such documents, Trans Union agrees, if necessary, to confer regarding any additional exchange or production that the parties believe is necessary. All claims of privilege or protection as trial preparation materials must comply with the Federal Rules of Civil Procedure, including the obligation to meet and confer regarding any dispute.
(g) No changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules.
(h) The parties request that each party be allowed no more than 3 depositions.

SULAIMAN LAW GROUP, LTD

Dated:  January 3, 2018

By: s/ Marwan R. Daher
Marwan Rocco Daher, Esq.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 537-1770
Email: mdaher@sulaimanlaw.com

*ATTORNEY FOR PLAINTIFF KURT A. ANGST.*